**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DEIRDRE DIAMOND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-1143-JDK-KNM |
| | § | |
| CORPORAL CHARLES CARPIN, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Deirdre Diamond initiated this case individually and as next friend of her minor children, alleging that Defendants mishandled reports of alleged abuse of one of the children. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On August 7, 2026, Judge Mitchell issued a Report and Recommendation recommending that Defendants' motions to dismiss be granted. Docket No. 58. Judge Mitchell recommended that the Court dismiss the claims brought on behalf of Plaintiff's minor children without prejudice and dismiss Plaintiff's personal claims with prejudice. *Id.* Defendants Gunter ISD and Tara Rice filed an objection asking the Court to dismiss the children's claims *with* prejudice. Docket No. 60. Plaintiff objected to the dismissal of all claims. Docket No. 61. In addition, Plaintiff filed a second motion to appoint a guardian ad litem and a motion for leave to file a second amended complaint. Docket Nos. 63, 65.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Alexander v. Verizon Wireless Servs., LLC*, 875 F.3d 243, 249 (5th Cir. 2017).

For those portions of the Report to which no objections are filed, the Court reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

In their objections, Defendants Gunter ISD and Tara Rice argue that the children's claims should be dismissed with prejudice because the Report determined that the claims were not plausible. This portion of the Report, however, focused only on the claims brought by the Plaintiff personally, not those brought on behalf of the children. The dismissal of the children's claims should therefore be without prejudice for lack of standing and lack of jurisdiction.

Plaintiff makes several objections that echo her previous arguments. As to her First Amendment retaliation claim, Plaintiff rejects the Report's description of the claims as too minor to be actionable. She likewise contends that qualified immunity should be analyzed based on the conduct that she pleaded, not a "reduced characterization of that conduct." Docket No. 61 at 3. Plaintiff also objects to the

dismissal of certain claims that the Report treats as only belonging to her children, argues that her complaint alleged customs or practices to support a municipal liability claim, and objects to the inclusion of a late motion to dismiss and to the failure to appoint a guardian ad litem. The Court has reviewed these objected-to portions of the Report de novo and finds that Plaintiff's objections are without merit.

As mentioned above, Plaintiff also asks the Court for permission to amend her complaint. Docket No. 65. But despite this request, Plaintiff has failed to identify any additional claims or facts that she would raise in an amended complaint that would survive dismissal for failure to state a claim. *See, e.g., Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). Likewise, Plaintiff again asks the Court to appoint a guardian ad litem for her minor children. The appointment of a guardian ad litem, however, is not necessary if the minor's interests are "otherwise adequately represented and protected." *Adelman on Behalf of Adelman v. Graves*, 747 F.2d 986, 989 (5th Cir. 1984). Here, Plaintiff has not alleged a conflict of interest necessitating a guardian ad litem.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct and that the objections are without merit. Accordingly, the Court **OVERRULES** Plaintiff's objections (Docket No. 61) and Defendants Gunter ISD and Tara Rice's objections (Docket No. 60) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 58) as the opinion of the District Court. The DFPS Defendants' Motion to Dismiss (Docket No. 37), Defendants Gunter ISD and Tara

Rice's Motion to Dismiss Pursuant to Rule 12(b)(6) (Docket No. 39), and Defendants Charles Carpin, Eric Lasarge, Jason Pruitt, Mark Kosemund and Grayson County, Texas' Motion to Dismiss (Docket No. 40) are **GRANTED**. Therefore, the claims brought on behalf of Plaintiff's minor children are dismissed without prejudice, and Plaintiff's personal claims are dismissed with prejudice.

Plaintiff's second motion to appoint guardian ad litem and motion for leave to file second amended complaint are **DENIED**. All pending motions are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **27th** day of **October, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE